RAGLEY LUMBER COMPANY v. MRS. B. L. PARKS.

Decided May 27, 1907.

**Death—Negligence—Fact Case.**

In a suit by a widow and minor children for the death of the husband and father, evidence considered, and held sufficient to support a finding that defendant's engineer was negligent in failing to heed a slow-down signal given by deceased; that said engineer was habitually reckless in the handling of his train, to the knowledge of the defendant; that the timbers of the cars were old and weakened; and that the deceased was not guilty of contributory negligence in riding upon the stringer of the car.

Appeal from the District Court of Panola County. Tried below before Hon. Richard B. Levy.

*W. R. Anderson* and *H. N. Nelson,* for appellant.

*W. R. Jones, Burford & Burford* and *Moore & Moore,* for appellee.

GILL, CHIEF JUSTICE.—Mrs. B. L. Parks for herself and as next friend of her minor children sued the Lumber Company for negligently causing the death of her husband, B. L. Parks. The Lumber Company defended under a general denial and on the ground of assumed risk and contributory negligence. The jury awarded the plaintiffs $5,500 and apportioned it.

B. L. Parks was the husband of plaintiff and father of the minors. The defendant is a corporation engaged in the manufacture and sale of lumber. For the purpose of bringing timber from the forests to its mill it owns and operates steam engines and log cars which are propelled over a tram road.

On October 20, 1905, B. L. Parks was in the employ of defendant as fireman and brakeman on the engine and cars of a log train belonging to the company. The engine operated by Reed, its engineer, was propelling seven cars loaded with logs. While the train was being backed into a siding Parks took a position on the rear end of the rear car and sitting on an extension of the car known as the "stringer" to the end of which is the coupling apparatus. He was sitting down on this stringer and while in that position could not be seen by the engineer. The latter, however, knew of his presence there and knew that he was there for the purpose of giving signals.

There was an empty car standing on the siding and when last seen before the accident Parks had risen to his feet, signaled the engineer to slow down, and had resumed his seat on the stringer. The engineer did not lessen the speed of the train and it crashed into the standing car, crushing the stringers of both cars and instantly killing Parks.

The negligence alleged was the recklessness of the engineer, to the knowledge of the company; the dangerous rate of speed at which he propelled the train with knowledge that the empty car was on the siding and the weakened and rotten condition of the end timbers of the car on which deceased was riding.

Appellant contends that no negligence was shown on the part of the company in either of these respects.

The engineer was dead at the date of the trial. Parks and he composed the crew of the train. The only direct testimony as to the speed of the train was that of a bystander, who stated that he did not notice the speed but saw nothing unusual in that respect. Appellees contend that excessive speed was established by the effect of the collision and the condition of the wreckage, and we think the proposition ought to be sustained. As a result of the collision the stringers of both cars were crushed and broken. Some of the logs on the loaded car slid and rolled from the car and a long iron bolt which extended through the body of the car and fastened it to the

running gear was bent and twisted in the form of the letter S. The inference is fair that the force necessary to produce these consequences was due to excessive speed, and it is plain that the engineer did not slow down in response to the signal of deceased. Appellant seeks to account for the result by the fact that a coupling link was in each car which caused the stringers to mount the one above the other, but this does not account for the condition of the wreckage after the accident.

There is also evidence sufficient to establish the fact that the timbers were weakened and that the company was negligent in permitting them to remain so and there is no evidence that deceased knew of this condition.

It was also shown that the engineer was habitually reckless and that the company knew it.

The contention that deceased was negligent in riding on the stringer is not sustained. It was necessary for him to ride on the car and as the car was loaded there was nowhere else for him to ride.

We are of opinion that the evidence sustains the verdict and that none of the assignments are meritorious. The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.